On the 3rd of Ncvmbcr, 1830, the covrt delivered, the following r: spouse to th.ep tiiionfor re-hearing:
A thorough re-consideration and careful re-examination of a record of 272 pages, have resulted in a conviction, perfectly satisfactory to ourselves, that the decree for a specific execution is maintainable upon principle and the facts of the case.
The covenants, are not independant. They are at least muiual conditions to be performed simultaneously. They are parts of the same entire contract, and are signed by both pa ties; and if the contract had required the performance of the whole consideration by each party at the same time, there could be no doubt that neither could have rightfully maintained an action. on the undertaking of the other, without averring performance, or a suflicient oiler to perform his own engagement. The opinion of this court in “Mason vs. Chambers” (IV Littell's Rep. 253) goes even fuither than this, and decides that ihepeymentof the consideration, was a condition precedent to the conveyance of the title to the hnd.
The chief justice dissented, but evidently, (as we infer from the opinion,) on the ground, that he construed the covenants to he mutual and dependant. Were it admitted that he was right, the consequence is, as stated in the opinion in this care, that Chambers was not bound to convey the title before the price had been paid or (ende; ed. We do not know hoiv the doctrine’s * settled in Mason vs. Chambers could be reversed or changed by any misconception of them, by any circuit judge. Lut as judgment had been obtained by eachparty, we did not consider the proper construction of their covenants, as by any means decisive of the equity of this case. The principal reasons for sustaining the decree for a specific execution are, *424 that Chambers did every thing that a reasonable and just man should in equity, be required or expected to do for the completion of the contract; and that Mason was delinquent, and attempted an ‘‘unfair5’ advantage, by sueing for damages, during the pendency of his suit in chancery for a rescisión of the contract. L p-on these grounds, we are perfectly satisfied that the opinion which has been delivered, is consistent with authority, and with the plainest dictates of equity. The opinion states the facts correctly. If Mason had paid the consideration, would there have ever been any litigation on the contract? If he had relied, as he should'have done, on his suit in chancery, for a rescis-ión, and carried it on to a final decree in obedience to the Mandate of this court, would he have had any cause to complain that Chambers could not, or would not,‘make him a title? Candor must respond nega-atively to both questions.
Chancellor may refuse to rescind a con • tract, which he would not specifically «nforce.
Then, as the chancellor had possession of the case, before Mason brought his action for breach of covenant, the judgment obtained in that action should not affect the right of Chambers to a specific execution.
We insist that this court did, in the case of Mason Vs. Chambers in chancery, ‘ tu d y” and “in effect,” decide that Chambers was en.ii.led to a specific execution. Mason could not have been entitled to the rents and profits, unless he was bound to carry the contract into execution, and take the land; see Mason vs. Chambers, (III Monroe, 318.) I he opinion in that case should be considered as almost,if not entirely, conclusive of' the merits of this.
We know that the chancellor may refuse to rescind a contract which he would not enforce specifically. Butthe opinioninUI Momoe vs ill lca\e no reem for an inference that this case could have been considered, as of that character.
We had fully considered the details of the decree and there is nothing in the opinion which authorized the apprehension, that they had escaped our attention. They were not pre-termitied, but v ere cxpnsüy disposed 'of. We did not consider it necessaiy or even proper to notice them all in detail. But the petition renders it .proper, that we should be more particular.
^ dered m dp-plication of ^otto’^vers oneacoount merely 0f infanoy‘
Iit. A statute of 1S15 (I Dig. 55) authorises dev-¡sees to revive. Whether that act applies to this case, heed not be now decided, because
2. The revivor was by consent; and Mason, after-wards, answered the bills of revivor, and expressly waived all objection to the revivors, and relied solely on the infancy of some of the devisees, as an objection to a decree for specific execution.
3. Tbe infancy of the devisees could not affect their right to a specific execution. As to the specific execution,they were complainants; and in such a case, in fancy is not material. The decree rendered on the-application of infants cannot be reversed on account merely of infancy.
4. The will gave power to the executor and trix to convey. They were parties in their fiducial character, as well as in that of devisees. A decree that they, or the executor alone, (as the executrix did not qualify) should convey, would have been sufficient, and would have been most proper. The decree directs them to convey in the character in which they were made parties; and therefore, a conveyance by them would pass all the title which they had power, under the will to convey. Requiring all the devisees to unite with the executor and executrix could be considered, only, as unnecessary. If all convey, the title, which tbe executor alone could have conveyed, will not be invalidated, but strengthened.
It will be in Mason’s power to enforce a decree, so as to secure to him all the title that the testator had, and the transference of such a title cannot be evaded, especially as the executor, who has full power, is a party.
Mason is therefore, as secure as to the title as it is possible that he could be under any decree.
As to tbe damages we had supposed that there was no error. The decree is for ten per cent on the judgment, after directing a specific credit upon it. The judgment is for a certain sum, and is shown in the record. Ten per cent on the amount of the judgment, is not as much as was proper. Ten per cent on the amount enjoined would have been the proper amount of damages; and we suppose that the decree intended. *426 to give damages on the amount enjoined. But if this) be not the proper construction of the decree, the error would operate in favor of Mason.
Decree, on dissolution of an injunction, muststate the amount of damages, or the sum upon which they are given and the rate of damages.
The chief justice is of the opinion, that the decree for damages is sufficiently certain, as the record shows (in his opinion) indisputably, the amount on which the damages are given.
But judges Underwood and Buckner are of opinion, that the decree ought to have expressly stated the amount, or the sum upon which they should be given, and the rate, to-wlt: ten per cent, thereon.
Judge Buckner is moreover of opinion, that the record does show on what amount the damages are given; the reference to it in the decree leaving it (as he thinks) uncertain whether the original judmeni, or the amount of the replevin bond, with interest to the time of granting the injunction, is to be considered as the sum upon which damages were to be given.
Therefore, a majority of the court are of opinion, that there is error in the decree for damages. So far therefore, and so far only, the opinion is modified.
Wherefore, the decree for damages is reversed and the cause remanded, with directions to render a decree for damages conformably herewith, and in other respects to conform to the former opinion of this court, which, in other respects, remains unchanged.
No decree for costs in this court.